UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Jhovany Hernandez Tovar,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SCOTT JENKINS, Culpeper County Sheriff<br><br>    *Defendant.* | JURY TRIAL DEMANDED<br><br><br>Case No.: 3:17CV00086 |

## COMPLAINT

1.    Plaintiff Jhovani Hernandez Tovar is currently being jailed at the Culpeper County Adult Detention Center, despite having paid his bond and despite there being no lawful order from any state or federal judge to hold him, solely because a low-level immigration agent has signed a piece of paper asking that he be held.

2.    This suit challenges Defendant's policy and practice of detaining individuals, including Plaintiff, solely on the basis of an immigration detainer issued by U.S. Immigration and Customs Enforcement (ICE). The immigration detainer does not contain a judicial warrant or independent finding of probable cause supporting the individual's detention. The ICE detainers direct state or local agencies to detain certain individuals beyond the time period they would ordinarily be in custody on their underlying state charge, for the purpose of transferring the individuals to ICE custody. However, these state and local law enforcement officers lack any authority to arrest or detain individuals for civil immigration violations, and by holding individuals without lawful authority, accordingly violate the Fourth Amendment. Defendant's policy and practice of holding individuals based on an ICE detainer has resulted in Plaintiff being unlawfully detained after his family had already posted his bond for his state traffic

charges.

3. This lawsuit seeks damages, and declaratory and injunctive relief to require the Defendant to immediately release Plaintiff from his custody, declare the practice of immigration holds unconstitutional, enjoin the use of such holds and to thereby cease violating the Constitutional rights of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367(a).

5. The proper venue for this action is in the Western District of Virginia pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in Culpeper, Virginia.

## PARTIES

6. Plaintiff Jhovany Hernandez Tovar is an adult resident of Culpeper County and, as of the time of filing this Complaint, is presently in the custody of the Culpeper County Sheriff's Office at the Culpeper County Adult Detention Center ("Culpeper County ADC").

7. Defendant Scott Jenkins is the Sheriff of Culpeper County, and in this capacity, is the warden of the Culpeper County ADC, which he manages, and for which he is the policymaker. Sheriff Jenkins is the legal custodian of Plaintiff and is sued in his personal capacity.

## STATEMENT OF FACTS

<u>Defendant's policy of holding immigrants on ICE detainers past their release date</u>

8. In recent years, U.S. Immigration and Customs Enforcement has increased its

efforts to commandeer local law enforcement officers into its federal work of enforcing civil immigration law. One tool that ICE uses in this regard is known as a detainer, or I-247A form.

9. ICE detainers are requests by ICE to state or local law enforcement agencies asking that these agencies notify ICE before releasing an individual subject to a detainer from their custody, and that they maintain custody over the individual for up to 48 hours after the individual would have otherwise been released on their state charges, so that ICE can make arrangements to take custody of that individual. *See* https://www.ice.gov/sites/default/files/documents/Document/2017/I-247A.pdf (blank detainer form).

10. Various federal courts across the nation have held that an ICE detainer does not provide a sufficient legal basis for a local jail to hold an individual who would otherwise be released under state law. *See, e.g.*, *Mercado v. Dallas Cty., Tex.*, 229 F. Supp. 3d 501, 513 (N.D. Tex. 2017); *City of El Cenizo v. State*, 2017 WL 3763098, at *33 (W.D. Tex. Aug. 30, 2017); *Morales v. Chadbourne*, 996 F. Supp. 2d 19, 39-40 (D.R.I 2014), *aff'd*, 793 F.3d 208 (1st Cir. 2015); *Miranda-Olivares v. Clackamas Cty.*, 2014 WL 1414305, at *11 (D. Or. 2014) ("[T]he County maintains a custom or practice in violation of the Fourth Amendment to detain individuals over whom the County no longer has legal authority based only on an ICE detainer which provides no probable cause for detention."); *Villars v. Kubiatowski*, 45 F. Supp. 3d 791 (N.D. Ill. 2014); *People ex rel. Swenson v. Ponte*, 994 N.Y.S.2d 841, 844 (N.Y. Sup. Ct. 2014) ("The facts in this case indicate that the DHS has a reason to believe that Mr. Mendoza is an alien subject to removal from the United States. There is no allegation that the Department has actually obtained a removal order and, if in fact they had, there is still no authority for a local correction commissioner to detain someone based upon a civil determination, as immigration

removal orders are civil, not criminal, in nature.")

11. As a result, in 2015, Virginia Attorney General Mark Herring issued a written opinion stating, "[A]n adult inmate or a juvenile inmate with a fixed release date should be released from custody on that date notwithstanding the agency's receipt of an ICE detainer." Attorney General Herring went on to write,

> I conclude that an ICE detainer is merely a request and does not either impose a mandatory obligation or grant legal authority for a law enforcement agency to maintain custody of an individual who is otherwise subject to immediate release from local or state custody. A person has a constitutional liberty interest in not being imprisoned longer than he was sentenced by the sentencing court. Accordingly, an adult prisoner who is eligible for release from custody must be released at his eligible date notwithstanding the agency's receipt of an ICE detainer.

*Legality of ICE Detainer Requests,* 14-067 Op. Va. Att'y Gen (2015), *available at* https://www.oag.state.va.us/files/Opinions/2015/14-067_Stolle.pdf.

12. Upon information and belief, Defendant is aware of the above-mentioned Virginia Attorney General opinion.

13. Upon information and belief, notwithstanding the Attorney General opinion, Defendant has directed his subordinates at the Culpeper ADC to obey and comply with every ICE detainer they receive; or, in the alternative, has failed to train his subordinates as to whether an ICE detainer provides sufficient legal basis to hold an inmate who would otherwise be released.

14. Upon information and belief, as a result of this directive from Defendant, the Culpeper ADC holds many immigrants past the date on which they would have otherwise been released from state custody, based on nothing but an ICE detainer. Defendant is not only aware of this, but publicly brags about the high percentage rate of immigrants who are held by his jail until ICE picks them up and takes them into custody.

4

### Plaintiff's unlawful post-bail detention at the Culpeper ADC

15. Plaintiff has been in the custody of the Culpeper County Sheriff's Office since December 12, 2017, when he was arrested by sheriff's deputies on a pending charge of driving a motor vehicle while his license is revoked or suspended, an offense under state law.

16. Plaintiff has not been charged with a federal offense, nor has he been sentenced, nor is he awaiting transport to a Bureau of Prisons facility.

17. Plaintiff was issued bail in the amount of $1,500 on his state charge, which was paid by Plaintiff's family on December 12, 2017 at approximately 4pm. *See* Exh. A, the contents of which are incorporated into this Complaint by reference.

18. Ordinarily, individuals who pay their bail are released from the Culpeper ADC within a short period of time. Over 24 hours later, however, Plaintiff, remains detained in the Culpeper County ADC.

19. Also December 12, 2017, ICE issued a Form I-247A Immigration Detainer to Culpeper County Adult Detention Center. *See* Exh. B, the contents of which are incorporated into this Complaint by reference.

20. This immigration detainer was signed by DHS deportation officer Gonzales and Culpeper Deputy W.E. Martin. Notably, this immigration detainer is not signed by a judge and does not grant any authority to continue the detention of Plaintiff. It does not allege that Plaintiff has violated any federal or state criminal law, but merely that Plaintiff "lacks immigration status or notwithstanding such status is removable under U.S. immigration law"—a matter that is of no legitimate concern to Defendant.

21. There has been no finding by of probable cause by a neutral magistrate supporting Plaintiff's continued detention. Other than the alleged authority of the the immigration detainer,

there is no basis for the continued detention of Plaintiff in Culpeper County ADC. Defendant presently lacks any lawful basis to hold Plaintiff in his custody.

22. As a result of being held in the Culpeper ADC beyond the time when he should properly have been released, Plaintiff has suffered, and continues to suffer, damages, including but not limited to emotional distress. Plaintiff has also lost an opportunity to return to his home arrange his affairs prior to likely being taken into ICE custody on civil immigration charges.

## CAUSES OF ACTION

### I. Detention in Violation of Civil Rights - 42 U.S.C. §1983

23. Plaintiff incorporates by references the allegations in paragraphs 1-22.

24. The Fourth Amendment prohibits "unreasonable searches and seizures."

25. Likewise, the Fourteenth Amendment guarantees due process to all individuals within the United States. This includes substantive due process, the right to be free from governmental action that exceeds the government's lawful authority; and procedural due process, the right to a fair adjudication prior to any deprivation of liberty.

26. As set forth above, Defendant's policy and practice of holding individuals in custody based solely on an ICE detainer has resulted in Plaintiff's continued detention without probable cause and without a judicial warrant or other basis under law, thus violating his right under the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizures, and his rights under the Fourteenth Amendment to substantive and procedural due process.

27. As a result of this deprivation of rights, Plaintiff has suffered damages, including emotional distress.

### II. False Imprisonment

28. Plaintiff incorporates by reference the allegations in paragraphs 1-27.

29. As set forth above, Defendant is causing Plaintiff to be held against his will and without any basis under state or federal law, thereby committing the tort of false imprisonment, to Plaintiff's injury.

### III. (In the alternative) Habeas corpus

30. Plaintiff incorporates by reference the allegations in paragraphs 1-29.

31. Should this Court determine that Plaintiff is constructively in federal custody by virtue of the ICE detainer served upon Defendant, such custody is lacking in any legal basis and violates the Constitution, as set forth above, and Plaintiff accordingly seeks a writ of habeas corpus.

### RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully asks this Court to grant the following relief:

1. Declare that the Culpeper County Adult Detention Center's policy and practice of holding individuals in custody based solely on ICE administrative requests is unlawful and violates the rights protected by the Fourth and Fourteenth Amendments;

2. Declare that Culpeper County Adult Detention Center's policy and practice of holding individuals who have paid bail is unlawful and violates the rights provided by the Fourth Amendment;

3. Enjoin Sheriff Jenkins from holding any individual in custody based on any authority less than a finding of probable cause by a neutral magistrate;

4. Enjoin Sheriff Jenkins from unlawfully refusing to allow persons who have posted bail to be released from Culpeper County Adult Detention Center;

5. Order Plaintiff's immediate release from the Culpeper County Adult Detention

Center;

6.  Award Plaintiff damages, including emotional distress, arising from the his unlawful detention, in an amount to be proven at trial;

7.  Award Plaintiff his reasonable attorney's fees and costs of suit; and

8.  Grant any other relief as is just and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

_____//s//_____
Simon Y. Sandoval-Moshenberg (VSB 77110)
Rachel Nadas (VSB 89440)
**LEGAL AID JUSTICE CENTER**
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450 / fax (703) 778-3454
simon@justice4all.org
rnadas@justice4all.org

*Attorneys for Plaintiff*