UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

Jhovany Hernandez Tovar,

    *Plaintiff*,

v.

SCOTT JENKINS, Culpeper County Sheriff

    *Defendant*.

Case No.: 3:17CV00086-GEC

## MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT

Plaintiff respectfully requests a 60-day extension of time to serve the complaint on the defendant, Culpeper County Sheriff Scott Jenkins. Pursuant to Federal Rule of Civil Procedure 4(m), the deadline to serve the defendant in this action is March 13, 2018.

### Legal Standard

Rule 4(m) requires the district court to grant an extension of time to serve the complaint if good cause is shown. *See* Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). "'[G]ood cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on all relevant circumstances." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (Ellis, J.) (emphasis deleted).

> Among the many factors bearing on the good cause inquiry are (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

1

*Id.* at 580. Finally, while a court *must* extend the Rule 4(m) deadline where good cause is shown, a court always possesses *discretion* to extend the 4(m) deadline even absent a showing of good cause. *Id.* at 581 ("Rule 4(m) unambiguously permits an extension of time to serve process regardless whether a plaintiff can show good cause for delay.").[1]

**Argument**

Plaintiff requests additional time to perfect service, in order to first amend the complaint to include the claims of one or more additional possible co-plaintiffs after they are released from immigration detention.

To date, counsel has identified two additional individuals with nearly identical claims to Mr. Hernandez Tovar, in that both were recently detained by Defendant in the Culpeper County Adult Detention Center beyond the time when they would otherwise have been booked out on their state criminal charges, for no reason other than the Defendant's receipt of an ICE detainer request. *See* Complaint [Dkt. #1] at ¶ 2. Both of the potential co-plaintiffs are presently detained in the custody of U.S. Immigration and Customs Enforcement at the ICA-Farmville Detention Center. One of the potential co-plaintiffs has been ordered released on bond, and is in process of securing the $10,000 in cash required for his release. The second potential co-plaintiff is awaiting a bond hearing before an immigration judge, which is scheduled for March 13, 2018. Plaintiff's counsel is actively evaluating the claims of the potential co-plaintiffs and anticipates amending the complaint to include one or both individuals, and then serving the Amended Complaint upon defendant.

---

[1] In this regard, as Judge Ellis explains, the Fourth Circuit's contrary holding in *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995), has been abrogated. *Robinson*, 193 F. Supp. 3d at 582.

Under the *Robinson* test, Plaintiff has shown good cause for the delay and therefore the Court must extend the time for service for an appropriate period. *Robinson* factors 1–5 and 8 all weigh heavily in favor of granting Plaintiff an extension for service:

*1. Prejudice to the defendant*: Defendant would not be prejudiced by an extension of time because an extension of service for 60 days would have no bearing on his ability to respond or defend this case.

*2. Impact on the proceedings*: Providing Plaintiff with a brief 60-day extension will advance judicial efficiency, as the defendant will not need to answer or file a Motion to Dismiss, nor will the court need to review, a complaint that is to be imminently amended. Absent an extension, the new co-plaintiffs would have to be amended into the case later, after the litigation has already commenced, thus necessitating additional responsive pleadings and/or motions practice by the defendant.

*3. Whether the delay was in plaintiff's control:* Plaintiff's previous detention and the current detention of the other potential plaintiffs is outside of Plaintiff's control as they are in the custody and control of the U.S. Immigration Customs and Enforcement.

*4. Whether the plaintiff sought an extension before the deadline:* Here, this motion for extension is being filed one week prior to the March 13, 2018 deadline for service.

*5. Plaintiff's good faith*: There is no indicator of bad faith on the part of Plaintiff.

*6. Plaintiff's pro se status*: Plaintiff is represented by counsel; therefore, this factor is not applicable.

*7. Prejudice to the Plaintiff*: There are no limitations which would bar plaintiff's refiling of this case. The applicable statute of limitation for Plaintiff's claims is two years. *See Keller v. Prince George's County,* 827 F.2d 952, n. 2 (4th Cir. 1967) ("Section 1983 does not contain a

limitation period, and thus an appropriate limitation period must be borrowed from an analogous state law cause of action."); Va. Code § 8.01-243(A), (two-year statute of limitations for personal injury). Because all the causes of actions alleged occurred within approximately the past four months, the statute of limitations would not bar plaintiff's re-filing of this case.

*8. Any previous requests*: This is the first request for an extension of time for service.

Applying the *Robinson* factors, although factors 6 and 7 weigh against Plaintiff, neither factor is especially weighty on the facts of this case. To the contrary, factors 1–5 and 8 all weigh heavily in favor of granting Plaintiff an extension for service. Therefore, the court should find that Plaintiff has shown good cause for an extension of service.

Moreover, even absent a finding of good cause, this court should find that the Plaintiff merits a favorable exercise of discretion based on lack of prejudice or undue advantage to either party, and grant the requested extension.

## Conclusion

Based on the foregoing facts, the court should find that the Plaintiff has shown good cause for an extension of time to serve complaint on defendant, or, in the alternative, that the Plaintiff merits a favorable exercise of discretion. Plaintiff respectfully requests that this Court grant his request for an additional 60 days to serve the summons and complaint on Defendant.

Respectfully submitted,

Date: March 6, 2018 _____//s//_____
Simon Y. Sandoval-Moshenberg (VSB 77110)
Rachel Nadas (VSB 89440)
**LEGAL AID JUSTICE CENTER**
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450 / fax (703) 778-3454
simon@justice4all.org
rnadas@justice4all.org
*Attorneys for Plaintiff*

**Certificate of Service**

I, the undersigned, herby certify that on this date, I uploaded a copy of the foregoing, to this court's CM/ECF system, which will cause a Notice of Electronic Filing (NEF) to be sent to all counsel of record.

Respectfully submitted,

Date: March 6, 2018 _____//s//_____
Simon Y. Sandoval-Moshenberg (VSB 77110)
Rachel Nadas (VSB 89440)
**LEGAL AID JUSTICE CENTER**
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450 / fax (703) 778-3454
simon@justice4all.org
rnadas@justice4all.org
*Attorneys for Plaintiff*